**Xevahire MECO, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 04–0135–AG.

United States Court of Appeals, Second Circuit.

March 23, 2006.

Glenn T. Terk, Wethersfied, Connecticut, for Petitioner.

Daniel G. Bogden, United States Attorney, Camille W. Damm, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

SUMMARY ORDER

Petitioner Xevahire Meco petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering her removal to Albania and denying her applications for asylum, withholding of removal, and CAT relief. This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). We assume the parties' familiarity with the facts and procedural history of the case.

Upon due consideration, it is ORDERED that the petition for review is hereby DENIED because the IJ's finding that Meco failed to make a showing of persecution was supported by substantial evidence. Meco had never been physically harmed, arrested, or detained for her political opinion. Despite the fact that her family had been labeled as "anti-communist," Meco had been able to return to Albania three times, each time visiting for close to ten days. The only difficulties she mentioned in crossing the border into Albania were minor—Meco stated that some guards had told her that her documentation was not correct, so she had merely waited until their shift had changed, and then had been allowed to enter. Meco's asylum claim was based almost completely on various acts of harassment by the man who currently occupies her family's land. Although Meco stated that she belongs to an Association of Formerly Persecuted, which makes efforts to return Albanian land to its original owners, this man's harassment relates, in part, to her independent efforts to lay claim to that land. While this personal harassment is regrettable, it does not rise to the level of political persecution. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (adopting Seventh Circuit's standard that "persecution in the asylum context ... 'must rise above mere harassment' " (quoting *Begzatowski v. INS*, 278 F.3d 665, 669 (7th Cir.2002))).

Because Meco failed to establish entitlement to asylum, her claim for withholding of removal necessarily fails. *See Ramsameachire*, 357 F.3d at 178. Furthermore, with regard to the CAT claim, Meco failed to prove that "it is more likely than not that [s]he ... would be tortured if removed to [Albania]," *see* 8 C.F.R. 208.16(c)(2), and, therefore, she is not eligible for CAT relief. The IJ considered all of the proffered evidence and gave the CAT claim "individualized treatment." *Ramsameachire*, 357 F.3d at 186 (internal quotations omitted). Accordingly, the derivative claims of Meco's two children, Fatjona Meco and Omela Meco, for asylum, withholding of removal, and relief under CAT, also fail.

The petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).